FILED
2013 Feb-28  AM 10:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH ANTHONY NEAL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **2:13-cv-128-AKK** |
| **THE BRIDGE, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Joseph Anthony Neal filed this lawsuit seeking damages and attorney's fees against his former employer The Bridge, Inc., Penelope Burton, Kim Harden, and Cheryl Jackson ("The Bridge Defendants") pursuant to 42 U.S.C. § 1983.  Doc. 1.  The Bridge Defendants filed a motion for sanctions and a motion to dismiss, claiming that (1) Neal failed to establish the violation of any federal right or statute, (2) The Bridge Defendants are not state actors, (3) *res judicata* bars Neal from re-litigating his claims, and (4) Neal's claims are barred by the applicable statute of limitations.[1]  Doc. 10.  In light of Neal's contention in his Complaint that The Bridge discharged him on October 15, 2010, doc. 1 at 3,

---

[1]The Bridge Defendants' motion also included a motion to seal documents, which the court granted on February 13, 2013.  Docs. 10 at 10; 14.

the court ordered Neal to show cause why his claims should not be dismissed as untimely. Doc. 14. Neal has responded, doc. 17, The Bridge Defendants have replied, doc. 18, and the motion is ripe for resolution. For the reasons stated below, the court **GRANTS** the motion.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The Bridge hired Neal as a residential counselor in July 2010.  Doc. 1 at 3.  According to Neal, The Bridge discharged him for "failure to complete clinical paperwork in a timely manner" on October 15, 2010.  *Id.* at 3, 7-8.  After his discharge, Neal applied for unemployment benefits.  Ultimately, the Alabama Department of Industrial Relations denied Neal's application.  Doc. 10-1 at 4.  Neal appealed the ADIR's decision to the Circuit Court of Etowah County and asserted that The Bridge wrongfully discharged him by falsifying documents and because he followed the Lead Therapist's instructions.[2]  Doc. 10-1 at 1-3.  Eventually, the Circuit Court found that Neal was "terminated for misconduct repeated after previous warning" and affirmed the denial of unemployment benefits.  Doc. 10-1 at 4.  The Alabama Court of Civil Appeals affirmed and the Alabama Supreme Court and United States Supreme Court denied Neal's petitions for writ of certiorari.  Docs. 10-2, 10-3,17 at 15.  Neal subsequently filed this lawsuit, alleging again a wrongful discharge claim.  Doc. 1.

## III.  ANALYSIS

Neal alleges that The Bridge "wrongfully terminated" him in violation of §

---

[2]It is not apparent from the face of the Circuit Court pleadings the basis in law for Neal's lawsuit.

1983. Doc. 11. For the reasons stated below, Neal's claim is barred by the doctrine of *res judicata* and the applicable statute of limitations.[3]

## A. *The Doctrine of Res Judicata*

The Bridge Defendants contend that Neal's § 1983 claim is barred by the doctrine of *res judicata* because Neal previously litigated it before the ADIR, Circuit Court of Etowah County, Alabama Court of Civil Appeals, and Alabama Supreme Court.[4]  Doc. 10 at 7.  Under Alabama law, which the court applies because The Bridge Defendants rely on Alabama court decisions for their *res judicata* contention, *see Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006), (citing *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985), a subsequent action is barred if there is: "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions."  *Kizzire*, 441 F.3d at 1308-1309 (citing *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998)).  Critically, the same facts must substantially support both actions:

---

[3]In light of this finding, the court will not address the issues of whether The Bridge Defendants violated a federally protected right or are state actors.

[4]Apparently, The Bridge Defendants were not aware at the time that they filed their motion to dismiss that the United States Supreme Court had denied Neal's petition for certiorari. *See* docs. 10 at n.1; 17 at 15.

> [i]t is well-settled that the principle test for comparing causes of action for the application of *res judicata* is whether the *primary right and duty or wrong* are the same in each action. Res judicata applies not only to the exact legal theories advanced in the prior case, but to *all legal theories and claims* arising out of the same nucleus of operative facts. . . . As it is sometimes stated, where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.

*Old Republic Ins.Co. v. Lanier*, 790 So. 2d 922, 928-29 (Ala. 2000) (quotation marks and citations omitted) (emphasis in original).

All four *Kizzire* factors exist in this case. First, Neal received a final judgment on the merits when, after a trial and "consideration of the evidence presented," the Etowah County Court found that The Bridge discharged Neal for repeated misconduct after previous warning and dismissed Neal's claim. Doc. 10-1 at 4; *Kizzire*, 441 F.3d at 1308. Second, the Etowah County Court properly exercised jurisdiction over Neal's appeal of the denial of unemployment benefits pursuant to Alabama Code § 25-4-95, which authorizes judicial review of boards of appeals decisions.[5] *See also State Dept. of Indus. Relations v. Page*, 362 So. 2d 263, 265 (Ala. Civ. App. 1978). Third, "substantial identity of the parties exist"

---

[5] "Within 30 days after the decision of the board of appeals has become final, any party to the proceeding including the director who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court of the county of residence of the claimant." ALA. CODE § 25-4-95 (1975).

since Neal filed the prior action against The Bridge and brings this action, again, against The Bridge and other Bridge employees. *See* doc. 1; doc. 10-1 at 1. Fourth, Neal presents the same cause of action in both cases, i.e. Neal's purported wrongful termination and damages he allegedly suffered. *Id*.; *Old Republic*, 790 So. 2d at 928-29. Whether Neal failed to specifically invoke § 1983 in state court is irrelevant since the purported wrongful termination claim under § 1983 accrued at the time of his discharge. As such, *res judicata* bars this action since Neal's claim arises "out of the same nucleus of operative facts" and the § 1983 claim is one Neal raised or could have raised in Etowah County Circuit Court. *Old Republic*, 790 So. 2d at 928-29.

## B.  Statute of Limitations

Alternatively, the Bridge Defendants contend that § 1983's two year statute of limitations bars Neal's action. Doc. 10 at 8. Neal maintains that his claim was timely filed in state court although the pleadings fail to support that contention. Doc. 17 at 3. Nonetheless, Neal's assertion further exemplifies why his claim is barred by *res judicata*. In any event, while § 1983 has no statute of limitations of its own, the court must look to the forum state's general personal injury statute when determining the timeliness of a § 1983 claim. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citations omitted). Alabama's statute of limitations

for personal injury claims is two years from the date the injury accrued. ALA. CODE § 6-2-38; *see Nelson v. Estate of Frederick*, 855 So. 2d 1043, 1047 (Ala. 2003). As a result, since Neal was discharged on October 15, 2010, Neal had until October 15, 2012 to timely file his lawsuit. However, Neal waited until January 18, 2013, more than ninety days after the October 2012 deadline. Therefore, to the extent Neal failed to file a § 1983 claim with his Etowah County Circuit Court lawsuit, Neal's claims here are untimely and are due to be dismissed.

### C. Sanctions

Although pro se litigants are subject to Rule 11 sanctions for misconduct, *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), "the court must take into account the plaintiff's pro se status when determining whether the filing was reasonable," *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989). In that regard, while Neal's lawsuit involved claims he appealed unsuccessfully and in that respect alone should have alerted Neal that pursuing them again is a futile exercise, the court has no reasonable basis to infer that Neal filed this action in bad faith, i.e. that Neal knew that this lawsuit was frivolous rather than simply having a fundamental misunderstanding of the law. *See Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995) ("Rule 11 sanctions are proper . . . when the party files a pleading in bad faith for an improper purpose.") (citations and

internal quotation marks omitted).  Therefore, the court **DENIES** The Bridge Defendants' motion for sanctions.  Doc. 10.

## IV.  CONCLUSION

The court **GRANTS** The Bridge Defendants' motion to dismiss.  Doc. 10. The above-styled action is hereby **DISMISSED** with prejudice.

Done the 28th day of February, 2013.

                                                  **ABDUL K. KALLON**
                                           UNITED STATES DISTRICT JUDGE